U.S. DEPARTMENT OF LABOR
Office of the Solicitor
Bruce Brown
Acting Associate Regional Solicitor
Jeannie Gorman, Trial Attorney
gorman.jeannie@dol.gov
WSBA #23578
1111 Third Ave., #945
Seattle, WA  98101
Telephone: (206) 553-0940
Facsimile: (206) 553-2768
Counsel for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ELAINE L. CHAO, SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR, ) ) ) | File Number: _____ |
| Plaintiff, ) ) | **COMPLAINT FOR VIOLATION OF THE FAIR LABOR STANDARDS ACT** |
| v. ) ) | |
| ME AND LOU'S RESTAURANT *doing business as* ME AND LOU'S, DAVID P. EVANS, GLORIA EVANS, and EVA NIELSEN, ) ) ) ) ) | |
| Defendants. ) | |

Plaintiff brings this action, pursuant to §17 of the Fair Labor Standards Act of 1938, as amended (29 U.S.C §201 *et seq.*), hereinafter called the Act, to enjoin Defendants from violating the provisions of §§15(a)(2) and 15(a)(5) of the Act.  Plaintiff also and separately brings this action, (1) pursuant to §16(c) of the Act, for the recovery of a Judgment against Defendants for

**COMPLAINT - PAGE  1**
**Case No.**

1  unpaid minimum wage and overtime compensation due Defendants' employees, and liquidated

2  damages in an amount equal thereto, or, in the event liquidated damages are not awarded, and (2)

3  pursuant to §17 of the Act, for the recovery of a Judgment restraining Defendants from

4  withholding payment of overtime compensation due Defendants' employees plus pre-judgment

5  interest computed thereon.

6

7                                             II

8          Jurisdiction of this action is conferred upon the Court by §17 of the Act and by 28 U.S.C.

9  §§1331 and 1345.

10

11                                            III

12         (a)     Defendant Me and Lou's Restaurant *dba* Me and Lou's is an active Idaho

13  corporation with its address of record and principal place of business located at 1441 E. Highway

14  36, Malad, ID  83252, within the jurisdiction of this Court, where it engages in an enterprise as a

15  restaurant.  At all times material hereto, Defendant Me and Lou's Restaurant *dba* Me and Lou's

16  is an enterprise which has acted directly or indirectly in relation to the employees listed on

17  Exhibit A.

18

19         (b)     Defendant David P. Evans is an officer and director of Me and Lou's Restaurant

20  *dba* Me and Lou's, resides within the jurisdiction of this Court, and at all times material hereto

21  has acted directly or indirectly in relation to the employees listed on Exhibit A.

22

23         (c)     Defendant Gloria Evans is an officer and/or director of Me and Lou's Restaurant

24  *dba* Me and Lou's, resides within the jurisdiction of this Court, and at all times material hereto

25  has acted directly or indirectly in relation to the employees listed on Exhibit A.

26

27         (d)     Defendant Eva L. Nielsen is an officer and director of Me and Lou's Restaurant

28  *dba* Me and Lou's, resides within the jurisdiction of this Court, and at all times material hereto

**COMPLAINT - PAGE  2**
**Case No.**

has acted directly or indirectly in relation to the employees listed on Exhibit A.

IV

At all times hereinafter mentioned, Defendants have employed and are employing, employees in and about their aforesaid places of business in receiving, preparing, storing, handling, and selling goods and materials which have been transported, shipped, or delivered from points outside the State of Idaho. Said employees, by reason of their activities as aforesaid, were and are engaged in commerce within the meaning of the Act.

V

At all times hereinafter mentioned, Defendants employ and are employing, employees in and about their aforesaid places of business in handling, preparing or selling goods or materials which have been transported, shipped or delivered to places within the State of Idaho from places outside thereof and were produced for commerce.

VI

At all times hereinafter mentioned, the activities of Defendants (referred to in paragraph III, IV and V above) were and are related and performed through unified operation or common control for a common business purpose, and constitute an enterprise within the meaning of §3(r)(1) of the Act.

VII

At all times hereinafter mentioned, Defendants were engaged in the operation of an enterprise whose annual gross volume of sales made or business done is not less than $500,000 (exclusive of sales

taxes at the retail level stated separately) and as such constitute an enterprise engaged in commerce or the production of goods for commerce within the meaning of §3(s)(A)(ii) of the Act.

VIII

Defendants have violated and are violating the provisions of §§6 and 15(a)(2) of the Act by employing their employees engaged in commerce or in the production of goods for commerce, or in an enterprise engaged in commerce or in the production of goods for commerce at wages less than the applicable minimum wage.

IX

Defendants have violated and are violating the provisions of §§7 and 15(a)(2) of the Act by employing their employees engaged in commerce or in the production of goods for commerce, or in an enterprise engaged in commerce or in the production of goods for commerce, for workweeks longer than forty (40) hours without compensating said employees for all their employment in excess of 40 hours in such work weeks at rates not less than one and one-half the regular rates at which they were employed.

X

Defendants have violated the provisions of §§11(c) and 15(a)(5) of the Act by failing to maintain, keep, make available (to authorized agents of Plaintiff for inspection, transcription, and/or copying), and preserve records of employees and of the wages, hours, and other conditions and practices of employment maintained, as prescribed by the regulations promulgated by Plaintiff pursuant to the authority granted in the Act and published in the Federal Register and known as Title 29, Code of

Federal Regulations, Part 516.

XI

Defendants violated the monetary provisions of the Act as alleged in paragraphs VIII and IX, and, as a result, Defendants are liable for unpaid minimum wage and overtime compensation and an equal amount in liquidated damages under §16(c) of the Act.

WHEREFORE, cause having been shown, Plaintiff prays for a Judgment against Defendants as follows:

(1)     For an Order pursuant to §17 of the Act permanently enjoining and restraining Defendant, its officers, agents, servants, employees, and all persons acting in their behalf and interest from prospectively violating the provisions of §§15(a)(2) and 15(a)(5) of the Act; and

(2)     For an Order

(a)     Pursuant to §16(c) of the Act, awarding Plaintiff money damages to cover unpaid minimum wage and overtime compensation found by the Court to be due to the present and former employees of Defendant named in Exhibit A attached hereto (and for any person added thereto at a later date) and an equal amount as liquidated damages; or, in the event liquidated damages are not awarded;

(b)     Pursuant to §17 of the Act, for the recovery of a Judgment restraining Defendant from withholding payment of unpaid minimum wage and/or overtime compensation due Defendant's employees, plus pre-judgment interest computed thereon.

(3)     Awarding Plaintiff her costs of action;

(4)     Granting Plaintiff such other and further relief as may be necessary and appropriate.

///

///

DATED this 10th day of September, 2007.

**COMPLAINT - PAGE 5**
**Case No.**

1

2

Jonathan L. Snare
Acting Solicitor of Labor

3

Lawrence Brewster
Regional Solicitor

4

5

Bruce Brown
Acting Associate Regional Solicitor

6

7

Jeannie Gorman
Trial Attorney

8

9

By:    /s/  *Jeannie Gorman*

10

**U.S. DEPARTMENT OF LABOR**
**Counsel for Plaintiff**

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**COMPLAINT - PAGE  6**
**Case No.**