IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ELAINE L. CHAO, Secretary of Labor, )<br>                                               )<br>               Plaintiff,     )<br>                                               )<br>vs.                                            )<br>                                             )<br>ME AND LOU'S RESTAURANT, et al, )<br>                                             )<br>               Defendants.   )<br>_____) | Case No. CV07-385-E-EJL<br><br>MEMORANDUM ORDER |

Before the Court in the above entitled matter is Plaintiff's Motion for partial summary judgment. The time for filing any responses passed on September 21, 2008 with no response being filed. As such, the matter is ripe for the Court's consideration. Having fully reviewed the record herein, the Court finds that the facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding further delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, this motion shall be decided on the record before this Court without oral argument. Local Rule 7.1(d)(2)(ii).

**Standard of Law**

Summary judgment is appropriate if there is no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law. <u>Summers v. A. Teichert & Son, Inc.</u>, 127 F.3d 1150, 1152 (9th Cir. 1997). Motions for summary judgment are governed by Rule 56 of the Federal Rules of Civil Procedure. Rule 56 provides, in pertinent part, that judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

The Supreme Court has made it clear that under Rule 56 summary judgment is mandated if the non-moving party fails to make a showing sufficient to establish the existence of an element which is essential to the non-moving party's case and upon which the non-moving party will bear the burden of proof at trial. See Celotex Corp v. Catrett, 477 U.S. 317, 322 (1986). If the non-moving party fails to make such a showing on any essential element, "there can be no 'genuine issue of material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id. at 323.[1]

Moreover, under Rule 56, it is clear that an issue, in order to preclude entry of summary judgment, must be both "material" and "genuine." An issue is "material" if it affects the outcome of the litigation. An issue, before it may be considered "genuine," must be established by "sufficient evidence supporting the claimed factual dispute . . . to require a jury or judge to resolve the parties' differing versions of the truth at trial." Hahn v. Sargent, 523 F.2d 461, 464 (1st Cir. 1975) (quoting First Nat'l Bank v. Cities Serv. Co. Inc., 391 U.S. 253, 289 (1968)). The Ninth Circuit cases are in accord. See, e.g., British Motor Car Distrib. v. San Francisco Automotive Indus. Welfare Fund, 882 F.2d 371 (9th Cir. 1989).

According to the Ninth Circuit, in order to withstand a motion for summary judgment, a party

> (1) must make a showing sufficient to establish a genuine issue of fact with respect to any element for which it bears the burden of proof; (2) must show that there is an issue that may reasonably be resolved in favor of either party; and (3) must come forward with more persuasive evidence than would otherwise be necessary when the factual context makes the non-moving party's claim implausible.

Id. at 374 (citation omitted). Of course, when applying the above standard, the court must view all of the evidence in a light most favorable to the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986); Hughes v. United States, 953 F.2d 531, 541 (9th Cir. 1992).

---

[1] See also, Rule 56(e) which provides, in part:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleadings, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

The Defendants here did not file a response within the time period required. Local Rule 7.1 controls when a response must be filed to a motion. Pursuant to D. Idaho L. Civ. R. 7.1(c), the responding party must file its response within twenty-one days after service upon the party of the motion and memorandum by the moving party.[2] The Local Rules provide that failure to respond to a motion may be deemed a consent to the granting of the motion. D. Idaho L. Civ. R. 7.1(e). However, summary judgment may not be granted simply because opposing party violated a local rule if the movant did not meet burden of demonstrating absence of genuine issue for trial. See also Marshall v. Gates, 44 F.3d 722, 725 (9th Cir. 1995). Accordingly, the Court will evaluate the motion for summary judgment on the merits.

## Discussion

Plaintiff, Elaine L. Chao, Secretary of Labor, United States Department of Labor, ("the Government") filed the instant action against Defendants, Me and Lou's Restaurant, David P. Evans, Gloria Evans, and Eva Nielsen, alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"). The Complaint alleges violations of §§ 15(a)(2), 15(a)(5), 16(c), and 17 seeking recovery of unpaid minimum wage and overtime compensation due to Defendants' employees and enjoining Defendants from violating §§ 15(a)(2) and 15(a)(5). (Dkt. No. 1). The instant motion seeks partial summary judgment on the FSLA violation of the record-keeping provisions of the FLSA, §§ 11(c) and 15(a)(5).[3] (Dkt. No. 12). Section 11(c) of the FLSA states:

> Every employer subject to any provision of this chapter or of any order issued under this chapter shall make, keep, and preserve such records of the persons employed by him and of the wages, hours, and other conditions and practices of employment maintained by him, and shall preserve such records for such periods of time, and shall make such reports therefrom to the Administrator as he shall prescribe by regulation or order as necessary or appropriate for the enforcement of the provisions of this chapter or the regulations or orders thereunder. The employer of an employee

---

[2] D. Id. L. Civ. R. 7.1(c)(1) provides in part:

The responding party must serve and file a response brief . . . . The responding parties must serve and file with the response brief any affidavits, copies of all photographs, and documentary evidence on which the responding party intends to rely. (Emphasis added.)

[3] The motion does not resolve the other FLSA violations relating to minimum wage and overtime pay which Plaintiffs state will be tried before this Court.

> who performs substitute work described in section 207(p)(3) of this title may not be required under this subsection to keep a record of the hours of the substitute work.

A violation of § 11(c) is made unlawful by § 15(a)(5).[4] The Government alleges in this case that because the Defendants do not dispute that the records were not kept and made available as required by § 11(c) summary judgment on this violation is appropriate. The Defendants have not responded to the motion, however, their position appears to be that the records were lost or destroyed. The Government contends it does not matter why such records were not available but only looks to whether the records were made available as required by the FLSA and, upon that basis, summary judgment is appropriate. In support of their motion, the Government points to the analytical framework in <u>Anderson v. Mt. Clemens Potter Co.</u>, 328 U.S. 689, 687-88 (1946) which is applicable where an employee brings a suit under the FLSA to recover unpaid wages or overtime and the employer has failed to maintain records. Such cases employ a shifting burdens analysis.[5]

---

[4] Section 15(a)(5) states that it is unlawful "to violate any of the provisions of section 211(c) of this title, or any regulation or order made or continued in effect under the provisions of section 211(d) of this title, or to make any statement, report, or record filed or kept pursuant to the provisions of such section or of any regulation or order thereunder, knowing such statement, report, or record to be false in a material respect."

[5] The Court in <u>Doo Nam Yang v. ACBL Corp.</u>, 427 F.Supp.2d 327, 331-35 (S.D.N.Y. 2005) explained the shifting burdens analysis as follows:
> Although a plaintiff seeking to recover under the FLSA must show insufficient payment for hours worked, under the statute it is the employer's responsibility to "make, keep, and preserve" records of employee wages and conditions of employment. 29 U.S.C. § 211(c); <u>see also</u> 29 C.F.R. § 516.2. When an employer has not kept such records, an employee suing for lost wages under the FLSA may carry his burden by submitting "sufficient evidence from which violations of the [FLSA] and the amount of an award may be reasonably inferred." <u>Reich v. S. New England Telecomms. Corp.</u>, 121 F.3d 58, 66 (2d Cir. 1997). The burden then shifts to the employer to present evidence either of the precise wages paid or evidence to "negative the reasonableness of the inference to be drawn from the employee's evidence." <u>Anderson v. Mt. Clemens Pottery Co.</u>, 328 U.S. 680, 688 (1946).
> ...
> [W]here the employer's records are inaccurate or inadequate and the employee cannot offer convincing substitutes ... we hold that an employee has carried out his burden if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference. The burden then shifts to the employer to come forward with evidence of the precise amount of work performed or with evidence to negative the reasonableness of the inference to be drawn from the employee's evidence. If the employer fails to produce such evidence, the court may then award damages to the employee, even though the result be only approximate. <u>Mt. Clemens</u>, 328 U.S. at 687-88, 66 S.Ct. 1187.

(citations omitted).

MEMORANDUM ORDER - Page 4
08ORDERS\Me&Lou_SJ.WPD

Where an employer has failed to maintain accurate payroll records, an employee carries his or her burden under the FLSA by showing he or she performed work for which he or she was improperly compensated and produces some evidence to show the amount and extent of that work "as a matter of just and reasonable inference." Mt. Clemens Pottery Co., 328 U.S. at 687, *superseded by statute on other grounds*. Once a prima facie case has been established, the burden shifts to the employer to come forward with evidence of the precise amount of work performed or evidence to negate the reasonableness of the inference to be drawn from the evidence brought before the court by the employee. See Mt. Clemens Pottery, 328 U.S. at 687-88. Where the employer fails to produce such evidence, the district court "may then award damages to the employee, even though the result be only approximate." Mt. Clemens Pottery, 328 U.S. at 688.

Although this case is factually different in that it is the Government seeking summary judgment for violations of § 11(c), not an employee FLSA claim, the principle remains the same. Employers have a duty to maintain and make available specific records as required by the FLSA and the failure to do so is a violation of the FLSA. See 29 U.S.C. §§ 11(c), 15(a)(5); see also 29 C.F.R. §§ 516.2, 516.5 (1991); 29 C.F.R. § 516.7(b) ("All records shall be available for inspection and transcription by the Administrator or a duly authorized and designated representative."). There is no dispute in this case that the Defendants have failed to maintain the records required by the FLSA and, therefore, they are in violation of those provisions of the FLSA.

Plaintiff has submitted an affidavit of the United States Department of Labor investigator, Mariella Gallegos, who was assigned to investigate possible FLSA violations by the Defendants. The investigator made several requests for records from the Defendants who, as an employer, was required to keep pursuant to 29 C.F.R. §§ 516.2 and 516.28. The investigator received a "few records" which did not include much of the FLSA required information. (Dkt. No. 12-4, Dec. Of Gallegos,). The investigator further testified that it was not until after many requests for records and nearly four months had passed from the initial request that Defendants told her that some of the records had been destroyed or stolen. (Dkt. No. 12-4, Dec. Of Gallegos, p. 4). The Government has also submitted deposition testimony of Defendants Gloria Evans, Eva Nielsen, and David Evans where they each stated that they did not have complete records available at the time the request was made by the investigator in March 2006. (Dkt. No. 12, Ex. 4-6). In addition, the Government has provided the Defendants' Answer, initial disclosures, and response to Plaintiff's first set of

discovery which reflect the Defendants' position that the records are unavailable because a flood destroyed most of the records requested by the Government. (Dkt. No. 12, Ex. 3, 7, 8). The Defendants have provided nothing to the contrary. Because there is no dispute as to the violations of the FLSA record keeping provisions, §§ 11(c) and 15(a)(5), the Court will grant the partial motion for summary judgment. This ruling is limited solely to the issue of violations of §§ 11(c) and 15(a)(5). This Order does not resolve any other issues including the remedy, damages, or relief, if any, to be imposed in this matter.

## ORDER

THEREFORE IT IS HEREBY ORDERED that Plaintiff's Motion for Partial Summary Judgment (Dkt. No. 12) is **GRANTED**.

DATED: **November 5, 2008**

Honorable Edward J. Lodge
U. S. District Judge