U.S. DEPARTMENT OF LABOR
Office of the Solicitor
Lawrence Brewster, Regional Solicitor
Bruce L. Brown, Associate Regional Solicitor
Jeannie Gorman, Trial Attorney
gorman.jeannie@dol.gov
WSBA #23578
1111 Third Ave., #945
Seattle, WA 98101
Telephone: (206) 553-0940
Facsimile: (206) 553-2768
Counsel for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| HILDA L. SOLIS, SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR,<br><br>Plaintiff,<br><br>v.<br><br>ME AND LOU'S RESTAURANT *doing business as* ME AND LOU'S, DAVID P. EVANS, GLORIA EVANS, and EVA NIELSEN,<br><br>Defendants. | File Number: 4:07-00385-E-EJL<br><br>**CONSENT JUDGMENT** |

Plaintiff, Hilda L. Solis, Secretary of Labor, United States Department of Labor, has filed her Complaint, and Me and Lou's Restaurant *dba* Me and Lou's, David P. Evans, Gloria Evans, and Eva L. Nielsen, hereby acknowledge receipt of a copy of the Summons and Complaint herein, and agree to

the entry of this Judgment. It is, therefore, upon motion of the attorneys for Plaintiff, and for cause shown:

(1) ORDERED, ADJUDGED AND DECREED that Defendants Me and Lou's Restaurant *dba* Me and Lou's, David P. Evans, Gloria Evans, and Eva L. Nielsen, their officers, agents, servants, and employees and all persons acting or claiming to act in their behalf and interest (hereinafter "Defendants") be, and hereby are permanently enjoined and restrained from violating the provisions of §§15(a)(2) and 15(a)(5) of the Fair Labor Standards Act of 1938, as amended (29 U.S.C. §201, *et seq.*), (hereinafter referred to as "the Act" or the "FLSA"), in the following manner:

(a) Defendants will not, contrary to §6 of the Act, employ any employees engaged in commerce, or in the production of goods for commerce, or in an enterprise engaged in commerce or in the production of goods for commerce, at an hourly rate less than the federal minimum wage.

(b) Defendants will not, contrary to §7 of the Act, employ any of their employees engaged in commerce or in an enterprise engaged in commerce or in the production of goods for commerce, as defined by the Act, for a workweek longer than forty (40) hours unless the employee receives compensation for his employment in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which he is employed; and

(c) Defendants shall not, contrary to §§11(c) and 15(a)(5) of the Act, fail to make, keep, and preserve records as prescribed by the regulations duly promulgated under said §11(c), (29 C.F.R. §516), showing the hours worked each workday and each workweek, the regular rate of pay, the basis upon which wages are paid, the total straight time earnings for each workweek, the total overtime compensation, the nature and amount of each deduction made each workweek, and other relevant identifying information pertaining to their employees.


Payment of the backwages shall be by check and made each month over a period of ~~Twenty Four (24)~~ months, with the first payment due on _11-1-2009_ and all subsequent payments made on the first of each month. Each payment made after the first payment shall include interest at the rate of 4% (four percent). All back wage payments shall be net amounts with all legal deductions taken from the gross amount due as stated on Exhibit A, and shall be accompanied by a listing of all employees, their social security number, gross amount due, all withholdings, and net amount for which the check is being issued. The "Liquidated Damage" amount from Exhibit A shall be added to the net amount due, as stated on Exhibit A. Payment shall be in the form of a check made payable in the alternative to the order of "Wage and Hour Division - U.S. Department of Labor or the individual employee" identified in Exhibit A to this Agreement. All checks shall be delivered to:

> Jeffrey Genkos, District Director
> U.S. Department of Labor/ESA
> Wage & Hour Division
> 620 SW Main Street, Room 423
> Portland, OR  97205

[Handwritten margin note: FOR A TOTAL AMOUNT DUE OF $101,759 ONE HUNDRED ONE THOUSAND SEVEN HUNDRED FIFTY NINE DOLLARS 73 w/K]

All checks shall be accompanied by a letter identifying the case name as <u>Solis v. Me and Lou's Restaurant, et. al.</u> and include the employer's tax identification number.

(a)  If there is a default in the receipt of any check within fifteen (15) days after the time it is due, the amount due the Plaintiff will automatically increase by _10_ % of the unpaid balance, to be distributed to the employees by Plaintiff.

(3)  IT IS FURTHER ORDERED that Plaintiff shall distribute the monies paid by Defendants under this Judgment to the employees identified in Exhibit "A" attached hereto or their estate if that is necessary. Any money not so paid within three (3) years because of inability to locate said employee(s) or because or their refusal to accept said proceeds shall be deposited forthwith with the Treasurer of the United States pursuant to 28 U.S.C. § 2041.

(4)     IT IS FURTHER ORDERED that the rights, if any, of Defendants' employees or ex-employees not specifically mentioned in Exhibit "A" to this Judgment are neither affected nor extinguished by this Judgment and neither party to this action intends or contemplates that the judgment entered in this action will affect such rights.

(5)     IT IS FURTHER ORDERED that, pursuant to §16(e) of the Fair Labor Standards Act and consistent with 29 C.F.R. 580 the Plaintiff and Defendants agree to the imposition of a $ 2,241.⁰⁰ Civil Money Penalty in total. Said penalty is to be paid on or before 4-1-2010. The check shall be made payable to the U.S. Department of Labor and delivered to:

> Jeffrey Genkos, District Director
> U.S. Department of Labor/ESA
> Wage & Hour Division
> 620 SW Main Street, Room 423
> Portland, OR  97205

(6)     IT IS FURTHER ORDERED that if the Defendants fail to make the payments as set forth above, the Court shall appoint a Receiver. Plaintiff shall provide the Court with the names of potential Receivers. The Court may appoint the Receiver from those offered by the Secretary or may appoint another Receiver at its discretion.

(a)     Defendants shall produce to the Court appointed Receiver all books and records and any other information the Receiver requires to carry out the provisions of this Judgment. In addition, the defendants shall submit to a sworn accounting by an independent certified public accountant and/or the Receiver, and shall testify if the accountant or Receiver so decides.

(b)     The Receiver shall serve until the payment of the monetary terms of this Judgment are satisfied. Defendants shall bear the full costs and expenses of the Receiver and any accountant retained pursuant to the terms of the above paragraph.

(c) The Receiver shall have full authority to: collect the Defendants' assets and report his/her findings to the Court and the parties; to redeem and/or liquidate the Defendants' assets and turn over the proceeds to the Secretary; if the asset is a debt that is due, to collect it and turn over the proceeds to the Secretary; to analyze all transfers of the Defendants' assets; to prevent waste or fraud; and to do all acts and take all measures necessary or proper for the efficient performance of the duties under this Judgment and Order.

(7) IT IS FURTHER ORDERED, ADJUDGED AND DECREED that each party shall bear its own fees and other expenses incurred by such party in connection with any stage of this proceeding.

DATED this 30th day of September, 2009.

THE HONORABLE EDWARD J. LODGE
United States District Judge

///
///
///
///
///
///
///

ENTRY OF THIS JUDGMENT IS HEREBY CONSENTED TO AND NOTICE OF PRESENTATION IS WAIVED
**Approved as to Form and Content:**

*David P. Evans*     Dated: 9-29-09
David P. Evans, individually and for Me and Lou's Restaurant *dba* Me and Lou's

*Gloria Evans*     Dated: 9-29-09
Gloria Evans, individually and for Me and Lou's Restaurant *dba* Me and Lou's

*Eva L. Nielsen*     Dated: 9/29/09
Eva L. Nielsen, individually and for Me and Lou's Restaurant *dba* Me and Lou's

*William Faler*     Dated: 09-29-2009
William Faler: Faler Law Office
Counsel for Defendants

**Presented by:**

*Bruce L. Brown*     Dated: 9-29-09
Bruce L. Brown, Associate Regional Solicitor
Jeannie Gorman, Trial Attorney
U.S. DEPARTMENT OF LABOR
Counsel for Plaintiff

CONSENT JUDGMENT - PAGE 6
Case No. 4:07-00385-E-EJL

*Chao v. Me and Lou's Restaurant, et. al*

*07-385*

September 29, 2009 Settlement Conference

RECITALS

1. This matter was filed by Plaintiff, U.S. Department of Labor, to correct alleged wage theft by Defendants in violation of the Fair Labor Standards Act. Specifically, Plaintiff alleges Defendants violated the minimum wage, overtime, and recordkeeping provisions of the Fair Labor Standards Act. Plaintiff seeks backwages, liquidated damages, and an injunction ensuring future compliance.

2. Defendant Me and Lou's Restaurant d/b/a Me and Lou's is an active Idaho corporation with its address of record and principal place of business located at 1441 E. Highway 36, Malad, ID.

3. Defendant David P. Evans is an officer and/or director of Me and Lou's.

4. Defendant Gloria Evans is an officer and/or director of Me and Lou's.

5. Defendant Eva L. Nielsen is and officer and/or director of Me and Lou's.

6. On September 29, 2009, the parties met and participated in the court-ordered settlement conference, reaching an agreement as outlined pursuant to the terms of the attached Consent Judgment - attached and incorporated herein as Exhibit 1.

7. On September 29, 2009, the parties met and participated in the court-ordered settlement conference, reaching an agreement to resolve the child labor civil money penalties in the amount of $2,241.00

8. On or before October 9, 2009, Plaintiff's counsel is to circulate to Defendants' counsel and the Court, Exhibit A to the Consent Judgment. Exhibit A lists the amount due to each undercompensated employee.

**Plaintiff:**

Jeff Genkos: _____ Date: September 29, 2009

Jeannie Gorman: _____ Date: September 29, 2009

**Defendants:**

Me and Lou's Restaurant Representative: _____ Date: September 29, 2009

Gloria Evans: _____ Date: September 29, 2009

David P. Evans: _____ Date: September 29, 2009

Eva Nielsen: _____ Date: September 29, 2009

William Faler: _____ Date: September 29, 2009